| UNITED STATES DISTRICT COURT | USDC SDNY |
| SOUTHERN DISTRICT OF NEW YORK | DOCUMENT ELECTRONICALLY FILED **ORIGINAL** |
| | DOC #: |
| | DATE FILED: 04/12/06 |

------------------------------------------------------X

EDWARD CLOYCE,

        Plaintiff,

-v-                                                            No. 05 Civ. 597 (LTS)(KNF)

MACY'S DEPARTMENT STORE, et al.,

        Defendants.

------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER CONCERNING REPORT AND RECOMMENDATION

On August 29, 2005, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report") recommending that the October 23, 2004, pro se Complaint of Plaintiff Edward Cloyce ("Plaintiff" or "Cloyce"), asserting claims under 42 U.S.C. § 1983 against Defendants Macy's Department Store and Kenneth Scarborough (collectively "Defendants"), be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff filed three objections to the Report on September 14, 2005: "Notice Motion of Objection" ("Objection A"), "Notice of Motion of Objections" ("Objection B"), and "Notice Motion for Objection" ("Objection C").

A district court "may accept, reject, or modify, in whole or in part" a magistrate judge's Report and Recommendation. 28 U.S.C.A. § 636(b)(1)(C) (West Supp. 2005). The court must make a de novo determination insofar as a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If, however, the party makes only conclusory or general objections, or simply attempts to relitigate his original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01

Civ. 2343(WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852(MBM), 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994). Courts generally review objections from pro se litigants more leniently than litigants represented by counsel. Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting Vasquez v. Reynolds, No. 00 Civ. 0862(RMB), 2002 WL 4171831, at *5 (S.D.N.Y. Mar. 18, 2002)).

Plaintiff seeks compensatory damages against Defendants stemming from an incident with Defendant Scarborough (a security guard at Macy's), which allegedly resulted in personal injury to Plaintiff and his false imprisonment. (Report at 2.) Although Plaintiff appears to have asserted state law claims for negligence, emotional distress, unlawful arrest, and false imprisonment, he filed the Complaint on a standardized form for Civil Rights Act claims pursuant to 42 U.S.C. § 1983, and thus invoked the Court's federal question jurisdiction under 28 U.S.C. § 1331. (Id. at 4.) The Complaint does not include allegations of diversity of citizenship between the parties.

Defendants filed a motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on June 20, 2005. After considering Defendants' motion, Judge Fox found that Plaintiff had not "plead a discernible § 1983 claim, or any other claim arising under the Constitution or laws of the United States, [and thus] this court cannot entertain his complaint pursuant to 28 U.S.C. § 1331."[1] (Id. at 5.) In addition, Judge Fox found that Plaintiff had not plead any facts that would provide the Court with

---

[1] As Judge Fox noted, Plaintiff, to sustain his § 1983 claim, needed to plead facts demonstrating that his "injuries are the result of state action or that the conduct complained of deprived him of his constitutional rights." (Report at 3.)

subject matter jurisdiction of the claim due to diversity pursuant to 28 U.S.C. § 1332(a). (Id. at 4-5.) Because both Defendants Macy's Department Store and Scarborough are citizens of New York[2] and because Plaintiff has not alleged that he is a citizen of any state other than New York, Judge Fox recommended that the Court dismiss Plaintiff's Complaint for lack of diversity as well.[3] (Id. at 4-5.)

Plaintiff has not asserted any specific objection to Judge Fox's recommendation that the Court dismiss his § 1983 claim. He does, however, object to Judge Fox's finding of a lack of diversity. Specifically, Plaintiff insists he can demonstrate diversity of citizenship because he is not a citizen of New York. (Objection A at 2; Objection B at 3; Objection C at 2.) Cloyce contends that he neither produced identification listing a New York address nor informed anyone of a New York address when he was apprehended at Macy's. (Objection B at 3; Objection C at 3.) Cloyce also contends that Defendant Scarborough wrongly listed his address on the incident report as "100 Undomicle [sic], 1, New York, New York, 10019" and that Defendant Scarborough copied this address from past trespass notices involving Plaintiff. (Objection A at 3; Objection B at 3; Objection C at 3.) According to Plaintiff, "100 Undomicle" is a code for homeless. (Objection A at 3.) Plaintiff's objections do not, however, include any representations as to his actual pre-

---

[2] Defendant Macy's Department Store is an Ohio corporation with its principal place of business at 152 West 34th Street, New York, New York 10001, and thus is considered a citizen of New York pursuant to 28 U.S.C. § 1332(c)(1). Defendant Scarborough resides in Brooklyn, New York, and is also a citizen of New York. (Report at 4.)

[3] Judge Fox wrote,
> "Since a prisoner retains his preincarceration domicile, and since Cloyce has failed to allege any alternative domicile for the purposes of diversity jurisdiction, the Court concludes that he is a citizen of New York. Therefore, because all parties to this action are domiciled in the same state, diversity of citizenship is lacking."

(Report at 5.)

incarceration domicile or state citizenship.

The Court, exercising its discretion to consider arguments raised for the first time in objections, has reviewed de novo Plaintiff's contention that complete diversity of citizenship exists between the parties. The Court has, however, reviewed the Report and Recommendation as to the Section 1983 claim for clear error only, and finding none, adopts Judge Fox's recommendation that the Section 1983 claim be dismissed for lack of subject matter jurisdiction.

Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between (1) citizens of different states." 28 U.S.C.A. § 1332(a)(1) (West 2005). Courts evaluate diversity "by examining citizenship as of the time suit is commenced," Housand v. Heiman, 594 F.2d 923, 926 n.6 (2d Cir. 1979), and "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). The Second Circuit has summarized the requirements for analyzing domicile as follows:

> Domicile is 'the place where a party has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.' At any given time, a person has but one domicile. Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change.

Id. (internal citations omitted). Furthermore, every person, even the homeless or transient, must have a domicile somewhere, see Willis v. Westin Hotel Co., 651 F. Supp. 598, 603 (quoting Desmare v. U.S., 93 U.S. (3 Otto.) 605, 610 (1877)), whether it be his last acquired state of citizenship, id., or a new state wherein he was both physically present and intended to remain

indefinitely. See Bevilaqua v. Bernstein, 642 F. Supp. 1072, 1073 (S.D.N.Y. 1986). Lastly, it is "well established" that a prisoner "retains his preincarceration domicile," and the Court must therefore look to that state of domicile when evaluating whether diversity exists between the parties. Poucher v. Intercounty Appliance Corp., 336 F. Supp. 2d 251, 253 (E.D.N.Y. 2004). Where diversity has been challenged, a "plaintiff must prove by a preponderance of the evidence that diversity in fact exists." Bevilaqua, 642 F. Supp. at 1073.

As Judge Fox noted, the Defendants are both citizens of New York. (Report at 4.) Although Plaintiff insists he is not a New York citizen, he has not proffered any statement in his Complaint or in any of his objections to suggest of which state he is, in fact, a citizen. The Court, therefore, grants Plaintiff an opportunity to amend his Complaint to plead his actual state citizenship. As aforementioned, every person must have a domicile somewhere, and if Plaintiff is not a citizen of New York, he must inform the Court in which state he claims to have been domiciled prior to his incarceration.

## CONCLUSION

Judge Fox's Report and Recommendation is hereby adopted insofar as it recommends dismissal for lack of subject matter jurisdiction of Plaintiff's claim made pursuant to 42 U.S.C. § 1983. The Court also adopts Judge Fox's recommendation that Plaintiff's state law claims be dismissed for failure to demonstrate a basis for diversity jurisdiction, but will afford Plaintiff one opportunity to file and serve a complaint demonstrating that diversity jurisdiction existed as of the time his original complaint in this action was filed. Plaintiff may file with the Court, and serve on all Defendants no later than May 31, 2006, an Amended Complaint in which Cloyce pleads his pre-incarceration state citizenship and demonstrates that there is diversity

jurisdiction. If such Amended Complaint is not filed and served by the prescribed deadline, Plaintiff's case will be dismissed without prejudice and without further notice to the parties.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

Magistrate Judge Fox's Report follows.

SO ORDERED.

Dated: New York, New York
April 12, 2006

LAURA TAYLOR SWAIN
United States District Judge

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff Edward Cloyce ("Cloyce"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 against Macy's Department Store ("Macy's") and Kenneth Scarborough ("Scarborough"), a security guard employed by Macy's. Cloyce alleges that he sustained injuries caused by Scarborough during an unlawful arrest.

Before the Court is the defendants' motion, made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the claim on the ground that the court lacks subject matter jurisdiction. The plaintiff opposes the motion. It is addressed below.

## II. BACKGROUND

According to an incident report prepared by Scarborough, on July 11, 2004, he was notified

by store security personnel that they had observed Cloyce concealing merchandise in two large gift bags. When Scarborough approached him, Cloyce put down the gift bags and fled. Scarborough retrieved the bags and returned the merchandise to store security. Scarborough then received a call from another Macy's employee, who had continued to follow Cloyce. The employee informed Scarborough that Cloyce had gone to the store's luggage department and that he was armed with a knife. When Scarborough arrived at the scene, he found Cloyce with the knife in his hand. Scarborough identified himself as a security officer and three times commanded Cloyce to drop the knife. When Cloyce refused to obey the commands, Scarborough knocked the knife out of his hands, handcuffed him and escorted him to store security. Cloyce was searched but no additional weapons were found. The merchandise taken by Cloyce was returned to the store's stock.

Cloyce alleges that when he handed Scarborough the knife in surrender, Scarborough forcefully disarmed him. As a result, Cloyce maintains, he suffered an injury to his right hand and continues to suffer emotional distress. Cloyce commenced the instant action on October 23, 2004. He claims that Scarborough attacked him with "malice and vindictiveness." In addition, Cloyce appears to claim that the defendants were negligent and that he was unlawfully arrested and falsely imprisoned. He seeks compensatory damages.

### III. DISCUSSION

A court may dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004). In considering a motion made pursuant to Fed. R. Civ. P. 12(b)(1), "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff." Id. Further, in any analysis of such a motion, "the plaintiff bears the burden of proving by a

preponderance of evidence that jurisdiction exists." Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir. 2004).

The court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. See Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995). Additionally, where, as here, the plaintiff is *pro se*, his or her pleadings "are [to be] held 'to less stringent standards than formal pleadings drafted by lawyers,'" Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 175 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595 [1972]), and should be interpreted "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 [2d Cir. 1994]). This liberal pleading standard is particularly applicable where a *pro se* plaintiff alleges a violation of his or her civil rights. See Jacobs v. Ramirez, 400 F.3d 105, 106 (2d Cir. 2005).

*Section 1983 Claims*

In order to bring a claim under § 1983, the plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999) (citing Dwares v. City of New York, 985 F.2d 94, 98 [2d Cir. 1993]). "Allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

In the case at bar, Cloyce fails to allege that his injuries are the result of state action or that the conduct complained of deprived him of his constitutional rights. Indeed, although the standardized form upon which the complaint is written contains the heading, "Complaint under the

Civil Rights Act, 42 U.S.C. § 1983," the claims presented in the complaint, even liberally construed, do not appear to be cognizable under § 1983. Rather, the complaint appears to raise only state law claims alleging, among other things, negligence and false imprisonment.

*Diversity Jurisdiction*

28 U.S.C. § 1332 provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a)(1). A party's citizenship, for purposes of diversity jurisdiction, depends on his or her domicile at the time a case a filed. Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)(citations omitted). A prisoner is presumed to retain the domicile he or she had at the time of incarceration. See Fermin v. Moriarty, No. 96 Civ. 3022, 2003 WL 21787351, at *2 (S.D.N.Y. Aug. 4, 2003).

In an affidavit submitted in support of the instant motion, Mitchell Leventhal, Executive Vice President and Chief Financial Officer for Macy's, avers that Macy's is a corporation incorporated in the state of Ohio and that it maintains its principal place of business at 152 West 34th Street, New York, New York, 10001. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Since Macy's has its principal place of business in New York, it is a citizen of that state. Additionally, defendant Scarborough, who resides at 173 Bainbridge Street, Brooklyn, New York, 11233, also is a citizen of New York.

Cloyce contends that he is a citizen of New York only because he is currently incarcerated at the Upstate Correctional Facility. However, a statement made by Cloyce at the time of the

Macy's incident gives his address as "100 Undomicle, 1, New York, New York, 10019." Since a prisoner retains his preincarceration domicile, and since Cloyce has failed to allege any alternative domicile for the purposes of diversity jurisdiction, the Court concludes that he is a citizen of New York. Therefore, because all parties to this action are domiciled in the same state, diversity of citizenship is lacking.

As noted above, Cloyce's complaint, even when liberally construed, appears to raise only state law claim(s). Since the court does not have jurisdiction over a state law claim where, as here, there is no diversity of citizenship, the court lacks subject matter jurisdiction, as contemplated by 28 U.S.C. § 1332. Furthermore, because Cloyce does not appear to have plead a discernible § 1983 claim, or any other claim arising under the Constitution or laws of the United States, this court cannot entertain his complaint pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Accordingly, since the plaintiff has not met his burden of proving by a preponderance of evidence that subject matter jurisdiction exists in this case, the complaint should be dismissed.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction be granted.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any response to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain, 40 Centre Street, Room 1205, New York, New York, 10007, and to the chambers of the undersigned,

40 Centre Street, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
     August 29, 2005

Respectfully submitted,

_____/s/_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE.

Copies mailed to:

Edward Cloyce
Robert N. Dunn, Esq.